## The Mayflower Sales Company, Inc. *v.* Samuel L. Kavalier et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued April 5—decided May 5, 1939.

*A. Storrs Campbell* and *William J. Hogan,* with whom was *F. Anthony Francis,* for the appellant (plaintiff).

*Milton Nahum,* with whom was *Abraham A. Katz,* and, on the brief, *Julius Apter,* for the appellees (defendants Kavalier).

Maltbie, C. J.  The plaintiff sold to John Giuca an oil burner which it installed in a house owned and just constructed by Mrs. Giuca and still unoccupied, under a conditional bill of sale and also a separate

agreement that a balance of $220 upon the purchase price should be paid when the house was sold. Mrs. Giuca became financially embarrassed and was unable to pay various persons who furnished material for or had liens upon the house. A meeting of her creditors was held, and they were informed that an offer of $8700 had been made for the house. It was agreed that it be sold, although that sum would not be sufficient to pay the creditors in full, and that Calvert Kierstead should negotiate the sale and should act as trustee to distribute the proceeds among the creditors. The president of the plaintiff was present at this meeting. The offer to buy the property had been made by the defendant Mrs. Kavalier. She later met Kierstead and a bond for a deed was drawn. It contained a provision that Mrs. Giuca was to pay for the oil burner and deliver a bill of sale "with all guarantees and the year's service free" when the deed passed. Thereafter the burner was first tested, defects developed, and complaint was made to the plaintiff, which attempted to make the necessary adjustments. When the parties met to complete the sale the condition of the oil burner was the subject of discussion. Mrs. Giuca had not then nor has she since secured a bill of sale of the burner. An agreement was finally made that a separate check should be drawn for $220 as a part of the purchase price, this sum to be deposited with the attorney who was acting for all the parties and, when Mrs. Kavalier was satisfied the burner was acting properly, to be paid to the plaintiff. The check was made to Mrs. Giuca and indorsed to the attorney as trustee and he still holds the money. The burner did not work properly after Mrs. Kavalier occupied the house, numerous complaints were made to the plaintiff, and it tried to make the necessary repairs and adjustments, but did not succeed. Mrs. Kavalier was

honestly dissatisfied with it. The plaintiff never objected to the use of the burner by her, or demanded its return. It finally informed her that it would make no more repairs and demanded the $220 in the hands of the attorney. Mrs. Kavalier requested the plaintiff to remove the burner but it refused and consequently she caused the removal of so much of it as could be taken out without damage to the building, purchased parts to replace those which could not be removed, and tendered the portion of the burner removed and the additional parts to the plaintiff, which refused to receive them. The plaintiff brought this action to recover the sum of $220 which was held by the attorney, making Mr. and Mrs. Giuca and Mr. and Mrs. Kavalier parties defendant. The trial court rendered judgment against Giuca but for the other defendants and the plaintiff has appealed, on the ground that the judgment in favor of Mrs. Kavalier was erroneous.

Mrs. Kavalier was not a party to the agreement made with the creditors of Mrs. Giuca. Any sum she paid for the property to Mrs. Giuca or to Kierstead, representing the creditors, would no doubt become subject to the terms of that agreement, but she was free to make with Mrs. Giuca or anyone representing her any contract she saw fit for the purchase of the property and was not obligated to pay the creditors any particular price or to buy upon any particular terms. If she attached a condition to the payment of a part of the price and Mrs. Giuca and Kierstead agreed to it, while that might violate the duty they owed to the creditors, it would not obligate Mrs. Kavalier to them. If that condition was not fulfilled, she was not obligated to pay the part of the purchase price to which it was attached. The provision of the bond for the deed that Mrs. Giuca was to furnish a bill of sale was not met by her. Mrs. Kavalier had

the right to agree upon some substitute method of meeting the situation so created. The agreement that the $220 be deposited with the attorney to be held by him and paid to the plaintiff only if the burner worked to Mrs. Kavalier's satisfaction was one which she had the right to make. That part of the purchase price became due to Mrs. Giuca or to the plaintiff only when the condition was met, which never occurred.

Recovery is not here sought for damages for the conversion of the oil burner, even if such an action would lie in view of the fact that the plaintiff was party to the creditors' agreement which necessarily involved the sale of the property and the partition of the proceeds among the creditors, and that with knowledge of the sale it repeatedly attempted to repair the burner after Mrs. Kavalier took possession of the house. Nor does the sum held by the attorney in any way represent any property converted by Mrs. Kavalier; the damages for the conversion of the oil burner would be its value at the time it was converted; *Kuzemka* v. *Gregory*, 109 Conn. 117, 122, 146 Atl. 17; and this might be more or less than the sum held by the attorney. The plaintiff cannot assert any rights against Mrs. Kavalier as one of the creditors of Mrs. Giuca because it is seeking, not its pro rata share of the sum due from the sale of the property, but the entire balance of the purchase price under the original sale of the burner. It could only recover if Mrs. Kavalier became obligated to pay that balance. But she did not assume and is not chargeable with any contractual obligation to pay it; no conversion of the oil burner is found, if it could be upon the facts, and, if it was converted, the money could not be regarded as representing the property. The plaintiff has no right to the money. Had Mrs. Giuca agreed with the creditors that she would sell the property for

a certain sum and turn that sum over to Kierstead for their benefit and had Mrs. Kavalier bought the property for that sum, with knowledge of the agreement and, though the money was due from her, had delivered it without right to some stranger to the transaction or connived in some plan for its distribution contrary to the terms of the agreement, a very different situation would be presented. *Nelson* v. *Conroy Savings Bank,* 196 Iowa 391, 194 N. W. 204. That is not the situation here; Mrs. Kavalier under the terms of her purchase never became obligated to pay the sum of $220 either to the plaintiff or to Mrs. Giuca's creditors.

There is no error.

In this opinion the other judges concurred.